UNITED STATES of America,
Plaintiff–Appellee,

v.

Ralph Anthony UPSHAW,
Defendant–Appellant.

No. 89–10582.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 1990.

Decided Nov. 6, 1990.

Douglas B. Cone, Merced, Cal., for defendant-appellant.

Carl Faller, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Before WALLACE, ALARCON and WIGGINS, Circuit Judges.

WALLACE, Circuit Judge:

Upshaw was convicted of manufacturing methamphetamine and of maintaining a place for the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 856, and the district court sentenced him to 206 months' imprisonment. On appeal, Upshaw challenges only the sentence. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part.

## I

The appeal arises out of a dispute regarding the quantity of methamphetamine produced in Upshaw's lab. The initial presentence report estimated this amount at two pounds and recommended a sentencing guidelines base level of 26, for which the sentencing range is 78 to 97 months. The government objected to the presentence report and filed an expert's declaration which included an estimate that Upshaw's lab had the capacity to produce eighteen pounds of methamphetamine. The probation office revised its presentence report and adopted the government's estimate of the quantity of methamphetamine. The base offense level for eighteen pounds of methamphetamine is 34 and the sentencing range is 188 to 235 months.

Upshaw contested the revised presentence report for the first time at the sentencing hearing. The district judge granted his request for a continuance to obtain a report from his own expert. Upshaw subsequently filed a motion for the correction of the revised presentence report which included a declaration of his expert. Upshaw urged the district court to use the original estimate of amount and recommendation of base level. The government filed an opposition with a supplemental declaration of its expert.

Without oral argument, the district court denied Upshaw's motion when it reconvened the sentencing hearing. The district judge rejected Upshaw's request to testify, although he stated that further affidavits could be filed. The court then allowed both attorneys to comment on sentencing and allowed Upshaw to speak on his own behalf. The court sentenced Upshaw to imprisonment for 206 months, the mid-point of sentencing at base level 34.

## II

Upshaw first contends that in using unreliable evidence, as allowed by the sentencing guidelines, the district court violated his due process rights. The constitutionality of the sentencing guidelines is reviewed de novo. *United States v. Brady*, 895 F.2d 538, 539 (9th Cir.1990).

■ The sentencing guidelines require a district court to determine the quantity of controlled substance involved and to base sentencing in part upon this determination. Sentencing Guidelines § 2D1.1(a)(3). Upshaw argues that this guideline requires the district court to make the determination

on the basis of unreliable evidence and in violation of due process. But the guidelines only permit a judge to consider reliable evidence. "In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, *provided that the information has sufficient indicia of reliability to support its probable accuracy.*" Sentencing Guidelines Policy Statement § 6A1.3(a) (emphasis added). Therefore, Upshaw's due process claim amounts to nothing more than a challenge to the district court findings.

■ Findings of fact underlying a sentence are reviewed for clear error. *United States v. Burns,* 894 F.2d 334, 336 (9th Cir.1990). The district court considered conflicting evidence regarding the quantity of methamphetamine produced in Upshaw's lab. The government and Upshaw both presented expert declarations in support of their versions of the facts. The district court found in favor of the government's expert and relied on his opinion.

■ The government's expert estimated that Upshaw's lab had already produced twelve pounds of methamphetamine, and was capable of producing an additional six pounds. He based this conclusion on his analysis of the chemicals and materials present at the lab at the time of the arrest. Upshaw did not challenge any of the facts underlying the government's analysis. Instead, his expert drew different inferences from the facts. "Under the clearly erroneous standard, we will not reject the district court's factual findings unless we are 'left with the definite and firm conviction that a mistake has been made.'" *United States v. Zavala–Serra,* 853 F.2d 1512, 1515 (9th Cir.1988), *citing United States v. McConney,* 728 F.2d 1195, 1202 (9th Cir.) (en banc) (*McConney*), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46, *quoting Pullman–Standard v. Swint,* 456 U.S. 273, 284–85 n. 14, 102 S.Ct. 1781, 1788 n. 14, 72 L.Ed.2d 66 (1982). We have no such conviction in this case and therefore hold that the district court did not clearly err.

## III

■ Upshaw also argues the district court erroneously refused oral argument and testimony on the issue of quantity. Such decisions are reviewed for an abuse of discretion. *See United States v. Baker,* 894 F.2d 1083, 1084–85 (9th Cir.1990) (*Baker*); Fed.R.Crim.P. 32(c)(3)(A). Sentencing Guidelines Policy Statement § 6A1.3(b) recommends the resolution of disputed sentencing factors after "a reasonable opportunity for the submission of oral or written objections before imposition of sentence." An evidentiary hearing may be conducted by the district court in its discretion, but such a hearing is not mandatory. *Baker,* 894 F.2d at 1084–85.

■ Although Upshaw did not object to the revised presentence report until the first sentencing hearing, at Upshaw's request the district court delayed sentencing to allow a written submission on the quantity issue. Upshaw then filed a written argument and a supporting declaration, and the government filed an opposition and a supporting declaration. The court denied Upshaw's request to testify, but stated that his affidavit could be filed. These procedures do not violate section 6A1.3(b). There was no abuse of discretion in not hearing oral argument or Upshaw's testimony when defense counsel was given the opportunity to make a written submission.

## IV

As part of his contention that oral argument and testimony should have been allowed at the final sentencing hearing, Upshaw argues that he should have had "a reasonable opportunity, after the court ha[d] announced its tentative findings and conclusions, to rebut possible misconceptions." Upshaw cites as authority for his position a report of the Division of Probation of the Administrative Office of the United States Courts which suggests that "[i]t would appear to be good practice ... to state proposed findings ... and then give the parties an opportunity to object...." Presentence Investigation Re-

ports Under the Sentencing Reform Act of 1984, at 15–16 n. 6. Upshaw argues that he did not have a reasonable opportunity to address the factors that the court indicated it would actually utilize. Upshaw does not rely upon Sentencing Guidelines Policy Statement § 6A1.3(b), which requires tentative findings in the face of disputed sentencing factors. *See* Sentencing Guidelines Policy Statement § 6A1.3(b); *see also* Commentary to Sentencing Guidelines Policy Statement § 6A1.3. ("If sentencing factors are the subject of reasonable dispute, the court should, *where appropriate,* notify the parties of its tentative findings and afford an opportunity for correction of oversight or error before sentence is imposed") (emphasis added); *United States v. Nuno–Para,* 877 F.2d 1409, 1415 (9th Cir. 1989) (tentative finding required by Fed.R. Crim.P. 32(a)(1) where the presentence report does not provide notice that the court may depart upward from Guidelines).

■ Thus the issue as framed by Upshaw is that he was not given reasonable notice to rebut the eventual position taken by the sentencing judge. His argument must fail because Upshaw had adequate opportunity to marshal his case. The change in the presentence report identified the issue. At the first sentencing hearing he requested and received a continuance to enable him to file a written report by his expert which was to rebut the basis for the change. Upshaw filed the report together with a written argument. Reasonable notice with a reasonable opportunity to provide information and argument was allowed. Upshaw's argument does not require us to determine whether the sentence was flawed due to policy statement section 6A1.3(b).

### V

Finally, Upshaw contends that the district court failed to state the sentencing category under which sentencing was imposed and failed to state its reasons for choosing a sentence within the sentencing range. We treat this as a question of law and review it de novo. *See McConney,* 728 F.2d at 1201.

■ The district court must make its resolution of all disputed matters clear on the record. *United States v. Fernandez–Angulo,* 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). The parties disputed the quantity of methamphetamine produced in Upshaw's laboratory, and implicit in this dispute was a disagreement as to the appropriate sentencing category. The district court expressly adopted the government's version of the facts and expressly rejected Upshaw's. In so doing, the court adopted the sentencing category set forth in the revised presentence report. *Cf. United States v. Sanchez–Lopez,* 879 F.2d 541, 557 (9th Cir. 1989) (acceptance of the presentence report recommendation sufficiently specific). Thus, the record is abundantly clear as to the court's choice of sentencing category.

■ The court then imposed a sentence in the middle of the sentencing range recommended by the revised presentence report. The district court did not, however, make an adequate statement of reasons for choosing this sentence within the sentencing range. 18 U.S.C. § 3553(c) requires a statement in open court of the reasons for choosing a sentence within the sentencing range if that range exceeds 24 months. Here, the sentencing range is 188 to 235 months. Hence, a statement of reasons is required.

The government concedes that this statement must include a discussion of the factors used to choose a particular sentence within the sentencing range. These factors include individual considerations of background, character, and conduct, as well as the systemic goals of deterrence, rehabilitation, and consistency in sentencing. *See* 18 U.S.C. § 3553(a); *see also* 18 U.S.C. § 3661; Sentencing Guidelines § 1B1.4 (allowing the court to consider any information helpful to determining a defendant's background, character, and conduct). In imposing Upshaw's sentence, the court stated only that it "is not going to sentence at the upper limits, but rather in the mid range in accordance with the court's customary procedure in this matter." This statement is inadequate.

Therefore, Upshaw's sentence is vacated and remanded for a statement in open court which expressly considers the sentencing factors outlined in 18 U.S.C. § 3553(a). In all other respects, the sentence is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.