947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene Alan GOMES, Defendant-Appellant.
 No. 89-10447.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 25, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene Alan Gomes appeals his sentence, imposed following a guilty plea, for manufacture and aiding and abetting manufacture of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Gomes contends that the district court erred by (1) denying his request for an evidentiary hearing before sentencing, and (2) failing to state its reasons for imposing a sentence in the middle of the applicable United States Sentencing Guidelines range. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part and vacate the sentence and remand for resentencing.
 
 I. Evidentiary Hearing
 
 3
 We review for abuse of discretion the district court's denial of an evidentiary hearing before sentencing. United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991).
 
 
 4
 Fed.R.Crim.P. 32(c)(3)(A) requires the district court to "afford the defendant and the defendant's counsel an opportunity to comment on the [presentence] report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it." The district court may meet this requirement by allowing the defendant an opportunity to file a written argument and supporting evidence; an evidentiary hearing is not mandatory. Upshaw, 918 F.2d at 791.
 
 
 5
 Gomes contends that he was denied a meaningful opportunity to rebut the allegations in the presentence report because the district court relied on statements by Ronald Levan and Gomes' codefendants Vicky Ochoa and Steven Avila without holding an evidentiary hearing on their reliability. Gomes introduced no affidavits or other factual material to dispute the information in the statements; rather, he merely claimed that the statements were presumptively unreliable because he had had no opportunity to cross-examine the speakers. The district court found that Ochoa's and Avila's statements corroborated each other and were further supported by Gomes' own sentencing memorandum, and that Levan's statement was corroborated by Ochoa and Avila. As Gomes did not offer any contradicting evidence, we find no abuse of discretion in the district court's denial of an evidentiary hearing on the reliability of the statements. See id.
 
 II. Statement of Reasons
 
 6
 "18 U.S.C. § 3553(c) requires a statement in open court of the reasons for choosing a sentence within the sentencing range if that range exceeds 24 months." Upshaw, 918 F.2d at 792. The district court's failure to make such a statement requires resentencing. Id. at 793.
 
 
 7
 Here, Gomes' Guidelines range was calculated at 108 to 135 months incarceration. Gomes contends, and the government concedes, that the district court imposed a 121-month sentence without stating its reasons. As technical as this rule may appear to be in this setting, we are constrained by the statute to vacate Gomes' sentence and remand for the district court to do its best to state its reasons in accordance with 18 U.S.C. § 3553(c).
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3