951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Wayne Wilson, Defendant-Appellant.
 No. 90-30378.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 18, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 MEMORANDUM**
 Richard Wayne Wilson appeals his sentence under the Sentencing Guidelines following his guilty plea to armed robbery of a United States Post Office in violation of 18 U.S.C. § 2114, and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). He contends that the district court erred by: (1) increasing his offense level by two points for obstruction of justice on the basis of unreliable hearsay; (2) failing to make findings in denying Wilson an offense level reduction for acceptance of responsibility; and (3) failing to state reasons for imposing the maximum sentence permitted by the Guidelines on the armed robbery count. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand for resentencing.
 Obstruction of Justice
 Wilson contends that the district court improperly relied on unreliable hearsay in increasing his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1, which permits a two-level enhancement if a defendant willfully obstructs, or attempts to obstruct, the administration of justice.
 
 
 1
 We review findings of fact underlying a sentencing determination for clear error. United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990). "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3. The court must also ensure that the parties have an adequate opportunity to present information regarding the disputed factor. Id., comment. "Reliable hearsay evidence may be considered." Id.; see also Burns, 894 F.2d at 336-37.
 
 
 2
 At the sentencing hearing, Detective Jim Harris of the Kitsap County Sheriff's Office testified that John Dawson, Wilson's cellmate in Kitsap County Jail, told him that Wilson was planning to escape from jail and had hired Dawson to eliminate three potential witnesses, including a woman who was arrested with Wilson. Detective Harris also testified that he interviewed Wilson's brother, Floyd Don Wilson, who told Harris that Wilson had spoken with him about having the woman killed.
 
 
 3
 Nothing in the record suggests that Detective Harris's hearsay testimony was unreliable. The district court gave Wilson an opportunity to cross-examine Detective Harris and to testify himself regarding the incident. Accordingly, the district court did not err in relying on the testimony of Detective Harris in enhancing Wilson's offense level for obstruction of justice. See Burns, 894 F.2d at 336-37.
 
 Acceptance of Responsibility
 
 4
 Wilson contends that the district court erred by failing to make findings in denying him an offense level reduction for acceptance of responsibility.
 
 
 5
 We review de novo the manner in which the district court applied the guidelines. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990). The Guidelines permit a two-level offense level reduction if a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). Where the defendant has engaged in conduct resulting in an offense level enhancement for obstruction of justice, an offense level reduction for acceptance of responsibility is limited to "extraordinary cases." Id., comment n. 4. "[T]he district court should make clear on the record its resolution of all disputed matters, and ... specific findings of fact are to be encouraged." United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990).
 
 
 6
 Here, Wilson objected to the presentence report's recommendation that no downward adjustment be made in his offense level for acceptance of responsibility. The district court neither made specific findings nor expressly adopted the conclusions in the presentence report. We are unable to determine whether the district court considered Wilson's objection to the presentence report. Accordingly, we remand for consideration of the acceptance of responsibility reduction and for specific findings. United States v. Brady, 928 F.2d 844, 848 (9th Cir.1991).
 
 Reasons for Sentence
 
 7
 Wilson contends that the district court erred in failing to state the reasons for imposing a 188-month sentence on the armed robbery count.
 
 
 8
 The district court is required to state reasons for its choice of sentence if the span of the relevant Guidelines range exceeds twenty-four months. 18 U.S.C. § 3553(c)(1); Howard, 894 F.2d at 1092.
 
 
 9
 As to the armed robbery count, the district court found that Wilson's adjusted offense level was 29 and his criminal history category was VI, resulting in a guidelines range of 151 to 188 months imprisonment. See U.S.S.G. § 5A (sentencing table). Because the span of the Guidelines range exceeded twenty-four months, the district court was required to state its reasons for sentencing Wilson to a term of 188 months.
 
 
 10
 As the government concedes, the district court failed to articulate its reasons for imposing the 188-month sentence on the armed robbery count. Accordingly, we vacate and remand with instructions for the district court to state its reasons for imposing the sentence. See United States v. Upshaw, 918 F.2d 789, 792-93 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991).
 
 
 11
 AFFIRMED IN PART; VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3