953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John R. KERR, Defendant-Appellant.
 No. 90-10253.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1991.
Decided Jan. 21, 1992.
 
 Before HUG, CYNTHIA HOLCOMB HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Kerr appeals from his conviction for theft from an interstate shipment and from imposition of sentence.
 
 
 3
 * We do not review ineffective assistance of counsel claims on direct appeal unless counsel's performance was so inadequate that it was plain error for the district court not to address the problem sua sponte. United States v. Wagner, 834 F.2d 1474, 1482-83 (9th Cir.1987). The record does not reveal such a blatantly inadequate performance by Kerr's counsel. It would not have been apparent to the trial court that Kerr's counsel was engaged in anything other than normal trial preparation and representation. Hence, we do not reach the merits of Kerr's claim on this direct appeal. United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991).
 
 II
 
 4
 Kerr argues that only the value of the lost beef should be used in calculating his offense level. Nevertheless, the Guidelines plainly state that " '[l]oss' means the value of the property taken, damaged or destroyed.... E.g., ... if a defendant is apprehended in the process of taking a vehicle, the loss refers to the value of the vehicle even if the vehicle is recovered immediately." U.S.S.G. § 2B1.1, Application Note 2. Indeed, the value of the semi-truck and trailer could also have been included in Kerr's loss calculation.
 
 
 5
 In United States v. Pemberton, 904 F.2d 515 (9th Cir.1990), we approved a district court calculation of loss for section 2B1.1 purposes. The court valued 80% completed architect's drawings as creating a loss equal to 80% of their contract value even though they were worthless to the defendant. Id. at 516. Cf. United States v. Wilson, 900 F.2d 1350, 1356-57 (9th Cir.1990) (we deferred to the district court's calculation of a fraud scheme under U.S.S.G. § 2F1.1, which relies on the Commentary to section 2B1.1 for valuing losses).
 
 
 6
 Kerr also claims that the court failed to state how it reached its finding that the loss was over $70,000. At trial, the six pallets of beef were shown to be worth $19,696. The presentence report used simple mathematics to extrapolate from the latter figure the total value of the stolen twenty-two pallets. "In resolving objections to the presentence report, the district court should make clear on the record its resolution of all disputed matters, and ... specific findings of fact are to be encouraged.... The district court satisfies the above requirement by adopting the conclusions in the PSR [presentence report]." United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990) (citing United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990)). See also United States v. Upshaw, 918 F.2d 789, 792 (9th Cir.1990) (accepting the presentence report recommendation is a sufficiently specific finding), cert. denied, 111 S.Ct. 1335 (1991).
 
 
 7
 Thus, Kerr is incorrect that the court did not make a finding regarding the loss he caused. By adopting the presentence report recommendation, the court made a specific finding and approved the presentence report's calculations. The court did not error in its calculation of the loss Kerr caused. United States v. Carvajal, 905 F.2d 1292, 1295-96 (9th Cir.1990).
 
 III
 
 8
 Kerr alleges that he was illegally punished twice when his sentence for interstate theft was enhanced for obstruction of justice after he had already been convicted of witness tampering in a separate trial. However, Kerr's claim is not properly presented in this appeal. If there were double punishment in these related convictions it first occurred in the second sentencing, not in Kerr's first sentence which is before us. For that reason we do not reach the issue.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3