978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Oland PATTERSON, Defendant-Appellant.
 No. 91-10607.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 26, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Patterson appeals from his sentence, imposed following a guilty plea, for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), use of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), and escape in violation of 18 U.S.C. § 751(a). Patterson contends that the district court erred by (1) failing to depart below the statutory mandatory minimum sentence for his offenses, and (2) failing to state its reasons for choosing its sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the legality of a sentence. United States v. Delgado-Cardenas, Nos. 91-50253, 91-50257, slip op. 10663, 10669 (9th Cir. Sept. 3, 1992).
 
 A. Substantial Assistance
 
 4
 18 U.S.C. § 3553(e) permits the district court to impose a sentence below a statutory minimum, but only upon motion by the government reflecting a defendant's substantial assistance. Section 5K1.1 of the United States Sentencing Guidelines permits a similar departure from the applicable Guidelines range. The statute and the guideline "give[ ] the government a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 112 S.Ct. 1840, 1843 (1992). Although the district court may not depart downward for substantial assistance absent a motion by the government, it "can review a prosecutor's refusal to file a substantial assistance motion and grant relief if the court finds that the refusal was based upon an unconstitutional motive, such as race or religion or upon due process grounds that the refusal was not rationally related to any legitimate state objective." Delgado-Cardenas, Nos. 91-50253, 91-50257, slip op. at 10669 (citing Wade, 112 S.Ct. at 1843-44).
 
 
 5
 Here, Patterson pled guilty to three counts of a five-count superseding indictment, in return for which the government dismissed the two remaining counts. Two of the three counts of conviction carried a total mandatory minimum term of 25 years incarceration, below which the district court could not depart except to reflect substantial assistance to the government. See 18 U.S.C. § 3553(e). The government did not wish to cooperate with Patterson and indicated that it believed the minimum sentence was appropriate. Nonetheless, Patterson offered information to law enforcement officials with the express understanding that he was not guaranteed a substantial assistance motion in return. The government found his information unhelpful and declined to move for a departure.
 
 
 6
 Prior to sentencing, Patterson moved the district court to compel the government to make a motion for departure based upon substantial assistance. The district court anticipated the Supreme Court's decision in Wade by assuming that it had limited discretion to review the government's refusal to move for downward departure, and found that this was not "that extreme case" in which the government's decision should be overruled. See RT 11/14/91 at 22. We agree. Patterson has made no showing of improper motive nor any other ground for relief. He argues that the government should have allowed him to cooperate because of the "wealth of information" he allegedly possessed and because his willingness to cooperate demonstrated his potential for rehabilitation. This is insufficient. See Wade, 112 S.Ct. at 1844 ("a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy ..."); cf. Delgado-Cardenas, Nos. 91-50253, 91-50257, slip op. at 10670 (remand for evidentiary hearing required where record indicates possibility that government's failure to file motion was based on unconstitutional grounds).
 
 B. Statement of Reasons
 
 7
 "18 U.S.C. § 3553(c) requires a statement in open court of the reasons for choosing a sentence within the sentencing range if that range exceeds 24 months." United States v. Upshaw, 918 F.2d 789, 792 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991). Where the range is less than 24 months, the district court need state only its "general" reasons. See United States v. Lockard, 910 F.2d 542, 545 (9th Cir.1990). "This requirement is satisfied by an explanation of how the district court determined the relevant guideline range." Id.
 
 
 8
 Here, because the Guidelines range would have been less than the mandatory minimum sentence, the mandatory minimum of 25 years constituted the Guidelines "range". See U.S.S.G. § 5G1.1. Patterson contends that the district court erred by failing to state its reasons for imposing the 25-year sentence. At sentencing, however, the district court expressly adopted the findings and recommendation of the presentence report before imposing the minimum available sentence. Patterson concurred in the applicability of the mandatory minimum sentence. Given that Patterson received the lowest sentence available under the statutes, and the only sentence available within the Guidelines range, 18 U.S.C. § 3553(c) did not require the district court to state any further reasons for not sentencing him above the mandatory minimum. See Lockard, 910 F.2d at 545.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3