999 F.2d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph Anthony UPSHAW, Defendant-Appellant.
 No. 92-10295.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1993.
Decided July 13, 1993.
 
 Before LAY,* HUG, SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Anthony Upshaw appeals from his 203-month sentence for manufacturing methamphetamine.[1] We previously considered and upheld Upshaw's sentence, but we vacated and remanded for an explanation of why the trial court sentenced in the middle of the applicable guidelines range. United States v. Upshaw, 918 F.2d 789 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991).
 
 
 3
 Upshaw now urges that on remand the sentencing judge failed to apply a new case, United States v. Gonzalez-Sanchez, 953 F.2d 1184 (9th Cir.1992), which he claims undermines the trial judge's original calculation of the amount of drugs. We disagree with Upshaw's contention that our earlier decision created a clean slate for resentencing. We stated in our prior opinion that we upheld the sentence in all respects except for the aforementioned explanation required under 18 U.S.C. § 3553(a). Upshaw, 918 F.2d at 793. Our mandate merely required a clarification and did not call for the trial judge to begin the sentencing process de novo. Upshaw also argues the trial court still should have applied Gonzalez-Sanchez upon resentencing. The record, however, gives no indication that Upshaw made these arguments to the trial judge. Because Gonzalez-Sanchez does not alter the law as it pertains to Upshaw, we find that it was not plain error for the trial judge to refuse to consider the new decision.
 
 
 4
 Upshaw also argues that he should have been able to address the court on the subject of new evidence. All of Upshaw's new evidence is in the form of statements he would like to make to the court. None of it is new evidence in that it was all available to Upshaw prior to conviction and initial sentencing.
 
 
 5
 In addition, Upshaw contends that he should have been permitted to address the court as provided for under Federal Rule of Criminal Procedure 32(a)(1)(C). The plain language of Rule 32(a)(1)(C) gives a defendant a right of allocution only when a trial court is imposing sentence. See United States v. Barnes, 948 F.2d 325, 329 (7th Cir.1991). The trial judge invited Upshaw to speak when he imposed the sentence; on remand, the trial judge merely clarified his reasons for that sentence. The rule, therefore, did not provide Upshaw a right to speak.[2]
 
 
 6
 Finally, Upshaw argues that the trial court did not satisfactorily state a reason for choosing a sentence in the middle of the guidelines range. The trial judge explained that he considered Upshaw's individual characteristics, but did not explain whether he took into account certain systemic goals of deterrence and rehabilitation, which we also required him to consider. Upshaw, 918 F.2d at 792; see also 18 U.S.C. § 3553(a). We conclude, however, that the trial judge's statement provides adequate explanation to enable a reviewing court to perform its duties. We will not assume that by failing to mention each factor listed in 18 U.S.C. § 3553(a) that the trial court failed to give each some consideration. In our earlier decision we mandated an explanation, not a checklist. Upshaw's sentence is therefore AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eight Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Upshaw was convicted of manufacturing and aiding and abetting the manufacture of methamphetamine in violation of 21 U.S.C. § 841(a). He was also convicted of maintaining a place for the manufacture of methamphetamine in violation of 21 U.S.C. § 856
 
 
 [2]
 Although our prior opinion vacated the defendant's sentence, we did so solely to allow the district court to explain the sentence as required under § 3553(a). As indicated, we otherwise affirmed the sentence. Thus, this case is readily distinguishable from a situation where, following a collateral attack upon a conviction, the sentence is vacated and the defendant is later resentenced. Under those circumstances, a new opportunity should be afforded to the defendant to speak at the resentencing proceeding. Cf. United States v. Maldonado, No. 92-1755, 1993 WL 219361 (2d Cir. June 24, 1993) (per curiam)