999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mitchell Lee PRICE, Defendant-Appellant.
 No. 91-10377.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1992.
Submission Vacated May 5, 1993.
Resubmitted July 14, 1993.
July 16, 1993.
 
 Before SCHROEDER, NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Mitchell Lee Price ("Price") pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113, and was sentenced to 236 months' imprisonment. Price challenges his sentence on two grounds: first, that the district court erred in not allowing him to challenge the constitutionality of two prior felony convictions, and second, that the district court failed to state its reasons for choosing a sentence within a guidelines range greater than 24 months, as required by 18 U.S.C. § 3553(c). We vacate the sentence and remand.
 
 
 3
 * The presentence report classified Price as a Career Offender based on his two prior felony convictions, one for burglary and one for assault with a deadly weapon. Price had pled guilty to both charges. Price moved to strike both prior convictions as constitutionally invalid because his guilty pleas were not voluntary and knowing. The district court denied the motion without reaching the merits; it found that the issue of whether to permit collateral attacks on prior convictions at sentencing was a matter left to its discretion, and it declined to exercise its discretion to entertain Price's collateral attacks.
 
 
 4
 We recently held in United States v. Vea-Gonzales, 986 F.2d 321 (9th Cir.1993), that the Constitution requires that defendants be given the opportunity to collaterally attack prior convictions that will be used against them at sentencing. Id. at 327. Thus, the district court erred in declining to consider Price's challenges to the constitutional validity of his prior convictions. We vacate the sentence and remand for the district court to consider these challenges.
 
 II
 
 5
 To give the district court some guidance on remand, we will consider the merits of Price's second contention. The presentence report determined that the appropriate sentencing range was 210 to 262 months and recommended a sentence at the midpoint of the range, or 236 months. The district court adopted the presentence report's recommendations regarding both the overall range and the specific sentence, and sentenced Price to 236 months' imprisonment.
 
 
 6
 Because the guideline range exceeded 24 months, the district court was required to "state in open court the reasons for its imposition of the particular sentence, and ... the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). We have interpreted this statute as requiring the sentencing court to make a statement in open court that expressly considers the seven sentencing factors set forth in 18 U.S.C. § 3553(a). United States v. Upshaw, 918 F.2d 789, 793 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991).
 
 
 7
 The district court simply accepted the presentence report's recommendations regarding the overall guidelines range. It never stated why it chose 236 months as the appropriate sentence, either in open court or in the judgment's written "Statement of Reasons." The district court thus failed to satisfy the requirements of 18 U.S.C. § 3553. See Upshaw, 918 F.2d at 792 (simply adopting the presentence report's recommendations regarding sentencing category, without explaining reasons for choosing particular sentence in the mid-range, is insufficient). On remand, should the district court once again sentence Price within a guidelines range of more than 24 months, it should state its reasons for doing so in accordance with 18 U.S.C. § 3553.
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3