2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin L. BARTH, Defendant-Appellant.
 No. 92-10465.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 5, 1993.
 
 Before: BROWNING, TANG, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin L. Barth appeals his convictions and sentence following a jury trial for five counts of mail fraud in violation of 18 U.S.C. Sec. 1341.
 
 
 3
 Counsel for Barth submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identifies four possible issues for review: (1) whether the evidence was sufficient to support Barth's convictions; (2) whether the district court erred by admitting evidence under Fed.R.Evid. 803(6) (Records of regularly conducted activities); (3) whether the district court erred by refusing to exclude evidence which was not disclosed during discovery pursuant to Fed.R.Crim.Proc. 16(a)(1)(C); and (4) whether the district court erred by refusing to order a presentence psychiatric study of Barth under 18 U.S.C. Sec. 3552(b).[1] We have jurisdiction under 28 U.S.C. Sec. 1291 and we grant counsel's request to withdraw and affirm the sentence.
 
 
 4
 * Sufficiency of the Evidence
 
 
 5
 Barth waived his objection to the sufficiency of the evidence by failing to raise the argument in a motion for acquittal. See United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992). "We therefore review only for plain error, so as to prevent a miscarriage of justice." Id.
 
 
 6
 To prove a violation of 28 U.S.C. Sec. 1341, the government must establish beyond a reasonable doubt that the defendant (1) formed a scheme to defraud and (2) used the mails in furtherance of the scheme. United States v. Kellogg, 955 F.2d 1244, 1247 (9th Cir.1992).
 
 
 7
 Here, the government introduced evidence that: Barth's employer, Reliance Electric Company ("Reliance"), sent seven checks for a total of $111,597.92 to a fictitious vendor, Service One, in payment of false purchase orders entered into Reliance's computer by Barth; the checks were sent to a mail box opened by Barth; and the checks were deposited in a bank account opened by Barth. Barth testified that he had been authorized to submit the purchase orders by his supervisor, Calvin Arruda, in compensation for his overtime hours and work answering phones, but Arruda denied approving the purchase orders. "Credibility determinations ... are matters left to the trier of fact." United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 488 U.S. 1034 and 489 U.S. 1029 (1989). A reasonable jury could have concluded that Barth entered the false purchase orders into the computer in order to defraud Reliance and that he used the mails in furtherance of this purpose. We hold that there was sufficient evidence to support Barth's convictions. See Kellogg, 955 F.2d at 1247.
 
 II
 Business Records
 
 8
 We review for abuse of discretion the district court's decision to admit evidence under Fed.R.Evid. 803(6). See United States v. Bland, 961 F.2d 123, 126-27 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992).
 
 
 9
 Business records are admissible under Rule 803(6) if a custodian of the records or another qualified person establishes that the records were (1) made by a person with knowledge at or near the time of the incident recorded and (2) kept in the course of a regularly conducted business activity. See id. at 127.
 
 
 10
 At trial, the government introduced exhibits 20, 21 and 22 to establish that, after Reliance employees questioned Barth regarding Service One, the computer terminal normally assigned to him was used to change Service One's address in Reliance's vendor listings from San Leandro, California to Anaheim. The exhibits were in the form of computer printouts. Alan Duganier, the controller of the Reliance division in which Barth's office was located, successfully laid the foundation for the printouts by testifying that when data regarding vendors is entered into the computer, it records what data has been entered and who has entered the data, and that these records are maintained by Reliance as a regularly conducted business activity. See Bland, 961 F.2d at 127. The fact that the printouts were made for purposes of litigation does not prevent them from being admissible under Rule 803(6). Cf. United States v. Catabran, 836 F.2d 453, 457 (9th Cir.1988) (upholding admission of computer printouts as business records under Rule 803(6)). Therefore, the district court did not abuse its discretion by admitting exhibits 20, 21 and 22 as business records under Fed.R.Evid. 803(6). See Bland, 961 F.2d at 127; Cf. Catabran, 836 F.2d at 457.
 
 III
 Disclosure of Evidence
 
 11
 Fed.R.Crim.Proc. 16(a)(1)(C) provides, in relevant part, that all documents that "are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant" are discoverable. Fed.R.Crim.Proc. 16(a)(1)(C); United States v. Givens, 767 F.2d 574, 583 (9th Cir.), cert. denied, 474 F.2d 953 (1985).
 
 
 12
 As part of the alibi defense he relied on at trial, Barth introduced calendars and handwritten papers to corroborate his testimony regarding the overtime hours he had worked over the past two years. During rebuttal, the government introduced alarm system records for Barth's office building to refute Barth's documents. These records indicate who entered or exited Reliance premises and when. Barth objected to the introduction of the alarm system records, arguing that they should have been disclosed pursuant to Rule 16(a)(1)(C). This circuit has previously held that Rule 16(a)(1)(C) does not apply to exclude government rebuttal exhibits under these circumstances. See Givens, 767 F.2d at 583 (upholding district court's refusal to exclude evidence under Fed.R.Crim.Proc. 16(a)(1)(C) where evidence was offered to rebut alibi defense relied upon by defendant at trial).
 
 IV
 Presentence Study
 
 13
 We review for abuse of discretion a district court's decision whether to order a presentence study under 18 U.S.C. Sec. 3552(b). See 18 U.S.C. Sec. 3553(b); see also United States v. Robinson, 967 F.2d 287, 291 (9th Cir.1992) (district court's denial of motion for a continuance of trial is reviewed for abuse of discretion). We review findings of fact underlying a sentencing determination for clear error. United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991).
 
 
 14
 Title 18 U.S.C. Sec. 3553(a) requires a district court to consider specified factors when imposing a sentence, including "the need for the sentence imposed ... to provide the defendant with needed ... medical care ... in the most effective manner." 18 U.S.C. Sec. 3553(a)(2)(D). When determining a sentence, the court "may order a study of the defendant" if it desires more information regarding a sentencing factor than is otherwise available. 18 U.S.C. Sec. 3552(b).
 
 
 15
 Here, Barth obtained a psychiatric evaluation before sentencing which concluded that he might be suffering from a manic-depressive illness which affected his capacity to understand the wrongfulness of his actions and recommended that he be treated with Lithium Carbonate on a trial basis. Based upon this evaluation, Barth moved for a sentencing continuance for a presentence study. The district court denied the motion, stating that Barth could receive the recommended treatment while in custody.
 
 
 16
 The district court's finding that Barth could receive the recommended treatment while in custody was not clearly erroneous. We conclude that the district court did not abuse its discretion by denying Barth's motion for a continuance under 18 U.S.C. Sec. 3552(b). See 18 U.S.C. Sec. 3552(b); see also Robinson, 967 F.2d at 291.
 
 
 17
 The motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.[2]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Following review of the record on appeal, we discern no other possible issues for appeal
 
 
 [2]
 The government's motion for summary affirmance is denied