17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Valentino BADARACCO, Defendant-Appellant.
 No. 93-30028.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 3, 1994.
Decided Feb. 10, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Daniel Valentino Badaracco appeals his jury conviction and sentence under the Sentencing Guidelines for multiple counts of conspiracy, possession, distribution, attempted manufacture and manufacture of methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1) and 846 and 18 U.S.C. Sec. 2, and use of a firearm in a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1) and (2). Appellant challenges the sufficiency of the affidavit supporting the search warrant, and the trial court's calculation of relevant conduct in setting his offense severity level under the guidelines. We affirm in part and reverse and remand in part.
 
 I.
 
 4
 The Validity of the Search Warrant.
 
 
 5
 Badaracco first challenges the sufficiency of the affidavit supporting the search warrant, alleging lack of probable cause. However, as we affirm the warrant's validity pursuant to the "good faith" exception to the warrant requirement as set forth in the United States Supreme Court's decision in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), we do not address the sufficiency of the affidavit.
 
 
 6
 The district court's decision that, if there was not probable cause, the Leon good faith exception applies, is reviewed de novo. United States v. Ramos, 923 F.2d 1346, 1353 (9th Cir.1991).
 
 
 7
 Leon provides that even though a warrant is based on insufficient probable cause, the evidence need not be suppressed if an officer relies in good faith on the warrant's validity. This reliance must be objectively reasonable, and "[s]uppression remains an appropriate remedy if a magistrate or judge in issuing a warrant was misled by information in the affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." 468 U.S. at 923.
 
 
 8
 Badaracco does not assert that Special Agent Dewey misled the magistrate by including false information in his affidavit; he merely asserts that the reliance on the warrant's validity was not objectively reasonable because the affidavit was clearly deficient in probable cause. This court recently has had occasion to address the application of the Leon exception. In United States v. Mendonsa, 989 F.2d 366, 369 (9th Cir.1993), we held a police detective's reliance on a warrant objectively reasonable and in good faith where the detective sought advice from county attorneys concerning the substantive completeness of the affidavit before submission to the magistrate. In the present case, Special Agent Dewey also sought review by an Assistant U.S. Attorney prior to submission to the magistrate, and furthermore, there is no other evidence suggesting that Special Agent Dewey's reliance on the warrant's validity was not reasonable and in good faith. On authority of Mendonsa, the Leon exception applies here, and the warrant was valid.
 
 II.
 
 9
 The Calculation of Relevant Conduct.
 
 
 10
 Badaracco further challenges the trial court's determination of relevant conduct under the Sentencing Guidelines. A district court's interpretation and application of the Sentencing Guidelines is reviewed de novo. United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992). The court is to "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. Sec. 3742(e). The district court's findings of fact are reviewed for clear error. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990).
 
 
 11
 The offense level for a drug trafficking offense is set by consulting with the Drug Quantity Table set forth in U.S.S.G. Sec. 2D1.1. Comment 12 to Sec. 2D1.1 provides:
 
 
 12
 Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. In making this determination, the court may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transaction in controlled substances by the defendant, and the size or capability of any laboratory involved.
 
 
 13
 Id. (emphasis added).
 
 
 14
 The trial court is thus within its discretion to consider the lab capacity in approximating drug quantity. See United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied, 499 U.S. 930 (1991). The trial court was further within its discretion to consider the "potential" methamphetamine based on the quantities of precursor chemicals available, even if all the necessary quantities of the other ingredients were not present in the lab. United States v. Bertrand, 926 F.2d 838, 846 (9th Cir.1991).
 
 
 15
 The problem is that the lab capacity was misstated in the presentence report, and counsel did not correct it. The capacity was stated to be between 1750 and 2650 grams, when the capacity was actually 500-1000 grams.
 
 
 16
 The trial court was thus misled, and we reverse and remand for a recalculation of relevant conduct and appropriate resentencing, using the correct lab capacity.
 
 
 17
 The judgment of the district court is AFFIRMED in part and REVERSED and REMANDED in part.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3