62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Franklin Delano REED, Defendant-Appellant.
 No. 94-2179.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 7, 1995.
 
 Before SEYMOUR, Chief Judge, and HENRY, Circuit Judge.
 ORDER AND JUDGMENT[1]
 McKay, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In proceedings before the district court, Mr. Reed pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). The district court found that Mr. Reed qualified as an "Armed Career Criminal" under 18 U.S.C. 924(e) and that he had possessed the firearm in connection with a crime of violence. Section 4B1.4 of the Sentencing Guidelines established a correspondingly enhanced offense level of 34 and criminal history of VI.[2] After a three-level reduction for acceptance of responsibility, the prescribed range under the Guidelines was 188 to 235 months. The district court, noting Mr. Reed's long criminal history and the violent nature of his conduct, sentenced him to 216 months of imprisonment.
 
 
 3
 Mr. Reed does not contest the accuracy of the sentencing range calculated by the district court. He does, however, appeal the particular sentence imposed by the court within that range. As a general rule, we do not have jurisdiction to review a sentence that falls within a properly calculated Guidelines range. See United States v. Garcia, 919 F.2d 1478, 1480-81 (10th Cir.1990). This general rule notwithstanding, we may review certain sentences pursuant to 18 U.S.C. 3553(c)(1), which provides that a sentencing court must state "the reason for imposing a sentence at a particular point within [a] range [that exceeds 24 months]." 18 U.S.C.A. 3553(c)(1) (West 1994). In accord with other circuits, we have read this provision as enacting limited appellate review of the substance of the reasons provided by the district court. See United States v. Elliot, 915 F.2d 1455, 1458 (10th Cir.1990) (vacating sentence under 3553(c)(1) because of the insufficiency of the reason given by the district court), cert. denied, 500 U.S. 919 (1991); see also United States v. Veteto, 920 F.2d 823, 826-27 (11th Cir.1991) (same); United States v. Upshaw, 918 F.2d 789, 792 (9th Cir.1990) (same), cert. denied, 499 U.S. 930 (1991). Because Mr. Reed has in fact challenged his sentence under 3553(c)(1), we have jurisdiction to reach the merits of his appeal.
 
 
 4
 Mr. Reed contends that the stated reasons underlying his sentence recite factors--namely, his long criminal record and the violent nature of his offense--that had already been used to increase both his offense level and his criminal history. This, he claims, is impermissible double-counting: under 4B1.4, Mr. Reed's long record and violent proclivities indicated a significantly more severe sentencing range than would otherwise have been appropriate; hence, the range of possible sentences itself reflected these characteristics of Mr. Reed; these factors should therefore be considered insufficient to support a sentence greater than the low end of that range. Alternatively, Mr. Reed argues that the district court's reliance upon these factors based the sentence upon a truism characteristic of all defendants subject to the relevant portions of 4B1.4. Reference to these factors therefore offered no data unique to Mr. Reed "to inform the public and the defendant why the particular sentence was imposed, and to help prison officials and probation officers meet the defendant's needs," see Garcia, 919 F.2d at 1482. Such necessarily true generalities, Mr. Reed asserts, fail to state reasons within the meaning of 18 U.S.C. 3553. Compare Veteto, 920 F.2d at 826-27; Upshaw, 918 F.2d at 792.
 
 
 5
 Mr. Reed's argument, while novel, is not without merit. The Sentencing Guidelines, in general, disfavor double-counting in the imposition of punishment. See United States v. Rice, 52 F.3d 843, 850-51 (10th Cir.1995). To allow a sentence at the high end of a range subject to 3553(c)(1) to be based upon the very factors that place a defendant in that range would, in effect, allow a district court almost unfettered discretion to sentence that defendant to a term of imprisonment substantially longer than the already lengthy minimum.[3] Such discretion, while appropriate in the context of shorter sentences, flies in the face of 3553(c)(1), which by its terms requires that the trial court state the reasons for the sentence imposed--a mandate that we have held not to be merely precatory, see Elliot, 915 F.2d at 1458. We note that the interval between the high and low ends of the applicable sentencing range is 47 months--a difference that equals or exceeds that attributable to a four-level upward departure in the mid-ranges of the sentencing table.[4] We have, significantly, held that crimes factored into a defendant's criminal history cannot justify an upward departure. See United States v. Yates, 22 F.3d 981, 988 (10th Cir.1994); see also Veteto, 920 F.2d at 826 (holding that reasons given under 3553(c)(1) are to be judged no less strictly than reasons cited in support of an upward departure).
 
 
 6
 We need not resolve the issues raised by Mr. Reed, however, because we are convinced of the sufficiency of the reasons stated by the district court. The district court adopted the factual findings contained in the presentence report. Mr. Reed does not dispute that he had been convicted of at least eight prior felonies. At least three of these felonies--two convictions of burglary and one of theft--were not reflected in the criminal history calculated in the presentence report. The district court's reference to Mr. Reed's "extensive criminal history" does not therefore simply recite data otherwise taken into account, but indicates reliance upon factors beyond the scope of the Guidelines.
 
 
 7
 The notice paid to the violent nature of Mr. Reed's crime likewise goes beyond the purview of the Guidelines. Section 4B1.4 requires only a connection to a crime of violence. The record indicates that Mr. Reed, during a robbery attempt, held a gun to his victim's stomach, threatened to shoot her, and, after relieving her of her money, twice shot at her as she gave chase. The violence of Mr. Reed's conduct thus far exceeded the level necessary to warrant the application of 4B1.4. We cannot say that the district court committed error in ascribing significance to the details of Mr. Reed's crime.
 
 
 8
 The sentence imposed by the district court is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The applicable offense level and criminal history would otherwise have been 21 and V, respectively
 
 
 [3]
 As noted above, the minimum sentence applicable to Mr. Reed was 188 months. The lowest range at which 3553(c)(1) applies is 100 to 125 months
 
 
 [4]
 For example, given a criminal history of V, the difference in maximum sentence between an offense level of 24 and one of 28 is 47 months. See U.S. Sentencing Guidelines 270 (1994) (table)