133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James GRIFFIN, Defendant-Appellant.
 No. 96-50301.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Griffin appeals the 84-month sentence imposed following his guilty plea to one count of arson in violation of 18 U.S.C. § 844(i). Griffin contends that the district court erred in computing his criminal history category. The government contends that Griffin waived his right to appeal in his plea agreement and alternatively, that Griffin's criminal history category was correctly calculated. We have jurisdiction pursuant to 18 U.S.C. § 3742(a): We affirm.
 
 
 3
 We review de novo whether an appellant waived his statutory right to appeal. See United States v. Schuman, 127 F.3d 815 (9th Cir.1997) (per curiam). We review for clear error the district court's factual findings underlying a sentence. See United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990).
 
 
 4
 A. Effect of District Court's Advisement of Right to Appeal
 
 
 5
 Griffin contends he is entitled to appeal notwithstanding the waiver of the right to appeal in his plea agreement because the district court orally advised him that he has a right to appeal. This contention has merit.
 
 
 6
 In United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995), we held that a plea agreement waiver is not enforceable where, as here, a district court orally advises a defendant that he has a right to appeal, the defendant asserts his understanding of the court's affirmative advice, and the prosecution fails to object. Accordingly, the district court's oral advisement to Griffin that he is entitled to appeal controls and we proceed to the merits of the appeal.
 
 B. Accuracy of Criminal History Category
 
 7
 Griffin contends that the district court should not have included a 1986 misdemeanor conviction in calculating his criminal history category because the California Department of Justice Bureau of Criminal Identification printout ("CII printout") indicating his conviction is inherently unreliable. Griffin does not explain why the CII printout is unreliable nor does he contest that he was convicted. In light of these facts, the district court's reliance on the CII printout was not clearly erroneous. See Upshaw, 918 F.2d at 791. To the extent Griffin contends that the district court did not comply with the requirements of Fed.R.Civ.P. 32, his contention is not supported by the record. See United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). Likewise, because Griffin was afforded an opportunity to contest the accuracy of the conviction during an evidentiary hearing, the district court's failure to hold further hearings was not an abuse of discetion. See Upshaw, 918 F.2d at 791 (stating that evidentiary hearings are not mandatory and within the district court's discretion).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds his case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3