UNITED STATES of America, Plaintiff–Appellee,

v.

Carlos Antonio CANEZ–LIZARRAGA, Defendant–Appellant.

No. 01–10217.

D.C. No. CR 00–399–RCB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Carlos Antonio Canez–Lizarraga appeals his 57–month sentence following entry of a guilty plea for Reentry after Deportation in violation of 8 U.S.C. § 1326. Canez contends that the district court erred by failing to resolve disputed factual matters in the presentence report ("PSR") in violation of Fed.R.Crim.P. 32(c)(1). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo the district court's compliance with Rule 32. *See United States v. Herrera–Rojas,* 243 F.3d 1139, 1143 (9th Cir.2001). Rule 32 provides that in resolving objections to the PSR, the district court should "make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken account in,

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

or will not affect, sentencing." Fed. R.Crim.P. 32(c)(1); *see also United States v. Houston,* 217 F.3d 1204, 1207 (9th Cir. 2000). "Our precedent requires strict compliance with Rule 32." *Houston,* 217 F.3d at 1207 (internal quotations omitted).

Here, the record shows that the district court considered both the PSR and the defendant's objections. In the end, the district court expressly adopted the facts as set forth in the PSR, which under our precedent constitutes compliance with Rule 32(c)(1). *See United States v. Williams,* 41 F.3d 496, 498 (9th Cir.1994); *United States v. Upshaw,* 918 F.2d 789, 792 (9th Cir.1990).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.