UNITED STATES of America,
Plaintiff–Appellee,

v.

Hosie JAMES, III, a/k/a James Hosie,
III, Defendant–Appellant.

No. 93–2516
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 16, 1995.

Jerome Godinich, Jr. (court-appointed),
Houston, TX, for appellant.

Paula C. Offenhauser, Katherine L. Haden, Asst. U.S. Attys., Lawrence D. Finder, U.S. Atty., Houston, TX, for appellee.

Before POLITZ, Chief Judge, and HIGGINBOTHAM and DeMOSS, Circuit Judges.

PER CURIAM:

Hosie James, III, was convicted of possession with intent to distribute over 50 grams of crack cocaine. The probation officer determined that James' guidelines sentence range was 151–to–188 months. The district court adopted the PSR and sentenced James to a term of 160 months. James argues that the district court failed to supply adequate reasons for choosing the 160–month sentence.

By statute a sentencing court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for punishment, deterrence, public protection and rehabilitation; the available sentences; the guidelines and policy statements issued by the Sentencing Commission; the need for consistency in sentencing; and the need for restitution. 18 U.S.C. § 3553(a).

■ If a defendant's guidelines sentencing range exceeds twenty-four months, the district court must state in open court its reasons for the particular sentence that it has imposed. 18 U.S.C. § 3553(c)(1). The sentencing court is to link the pertinent facts to the relevant statutory factor[s] supporting the sentence imposed. *United States v. Duran,* 37 F.3d 557, 560–61 (9th Cir.1994); *United States v. Rosa,* 11 F.3d 315, 344–35 (2nd Cir.1993), *cert. denied* —— U.S. ——, ——, 114 S.Ct. 1565, 1864, 128 L.Ed.2d 211, 485 (1994); 18 U.S.C. § 3553(a).

■ James did not object to the district court's allegedly inadequate reasons for imposing a 160–month sentence. Therefore, we review for plain error. *United States v. Calverley,* 37 F.3d 160, 162 (5th Cir.1994) (en

banc). The requirements enunciated in *Calverley* have not been met.

AFFIRMED.