# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1445

_____

United States of America,      *

            *

        Plaintiff-Appellee,      *

            *    Appeal from the United

     v.              *    States District Court for

            *    the District of Minnesota.

Lamond Leroy McCabe,      *

also known as "Monte",      *

            *

        Defendant-Appellant.      *

_____

Submitted: October 17, 2001

Filed: November 5, 2001

_____

Before WOLLMAN, Chief Judge, MURPHY and RILEY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Lamond Leroy McCabe pleaded guilty to a charge of possessing with intent to distribute 341 grams of crack cocaine in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(A). Because of his prior record McCabe was subject to a 20 year mandatory minimum sentence. The government moved for a substantial assistance departure under 18 U.S.C. § 3553(e). The district court[1] sentenced McCabe to 17 years.

_____

[1] The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

McCabe argues on appeal that the district court erred by not stating reasons for the particular point within his guideline range at which he was sentenced. We affirm.

McCabe pleaded guilty to a charge of possessing with intent to distribute 341 grams of crack cocaine. The government had filed a Sentencing Enhancement Information under 21 U.S.C. § 851 based on McCabe's prior felony drug conviction. If it were not for the § 851 enhancement, McCabe would have faced a guideline range of 168-210 months instead of the statutory mandatory minimum penalty of 20 years. Prior to sentencing the government filed a § 3553(e) downward departure motion for substantial assistance, recommending a departure of two to three years for McCabe's help in obtaining a guilty plea from a fellow drug trafficker. The district court granted the government's motion and imposed a sentence of 204 months.

McCabe appeals his sentence, arguing that 18 U.S.C. § 3553(c) requires a sentencing judge to state reasons for imposing a sentence at a particular point within a sentencing guideline range if that range exceeds 24 months. McCabe notes that the projected guideline range mentioned in his presentence report and plea agreement was 168-210 months, a span of 42 months.

The government argues that McCabe waived the right to appeal his sentence under § 3553(c) because he did not request any § 3553(c) statement from the court at sentencing. We agree. In the absence of extenuating circumstances, the failure to raise a § 3553(c) objection at sentencing waives the issue. See United States v. Caicedo, 937 F.2d 1227, 1236 (7th Cir. 1991).

Moreover, McCabe's appeal would fail on the merits. The documents on which McCabe relies to argue for a guideline range of 168-210 months also stated that a 20 year statutory mandatory minimum applied. McCabe appears to have overlooked the fact that a statutory mandatory minimum sentence trumps an otherwise applicable guideline range. The guidelines manual provides that "[w]here a statutorily required

minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." <u>See</u> U.S. Sentencing Commission Guidelines Manual § 5G1.1(b) (2000); <u>United States v. Stoneking</u>, 60 F.3d 399, 402 (8th Cir. 1995). McCabe's prior conviction triggered a 20 year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). McCabe was thus subject to that mandatory minimum, and 240 months became the guideline sentence rather than the 168-210 month range he claims. For this reason he did not have a guideline range exceeding 24 months and there was no need for the court to state its reasons for the particular point at which he was sentenced when the court departed downward.

McCabe's 204 month sentence reflected a downward departure from the statutory mandatory minimum under § 3553(e), and § 3553(c)(1) did not apply. McCabe also fails to mention the fact that the district court filed a four page "Statement of Reasons for Imposing Sentence." The district court satisfied § 3553(c)(2) by adopting the government's recommendation for a downward departure and stating its reasons for departing.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.