**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2655

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS VAZQUEZ-MOLINA, A/K/A PICOTA,

Defendant, Appellant.

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before

Selya, Circuit Judge,

Coffin and Cyr, Senior Circuit Judges.

Charles F. Willson and Nevins & Nevins LLP, by appointment of the court, on brief for appellant.
Carlos Vazquez-Molina , pro se ipso, on supplemental brief for appellant.
H.S. Garcia, United States Attorney, Nelson Pérez Sosa and Thomas F. Klumper, Assistant United States Attorneys, on brief for appellee.

September 15, 2005

**Per Curiam**.  On November 15, 2004, we affirmed the conviction and sentence of defendant-appellant Carlos Vazquez-Molina on a charge that he had conspired to possess a controlled substance (namely, cocaine) with intent to distribute. See United States v. Vazquez-Molina, 389 F.3d 54, 55 (1st Cir. 2004). Although we subsequently granted defense counsel's motion to withdraw, the appellant, acting pro se, nevertheless petitioned for certiorari.  While his petition was pending, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005).  The Court, in a routine order, thereafter granted the petition for certiorari pro forma, vacated our judgment, and remanded for further consideration of the sentence in light of Booker.  See Vazquez-Molina v. United States, 125 S. Ct. 1713 (2005).

We reappointed counsel and directed the parties to submit supplemental briefs and proffers.  Having received and reviewed those materials — the appellant has submitted both a counseled brief and a pro se brief — we again uphold the appellant's sentence and reinstate our earlier judgment.

We assume the reader's familiarity with our previous opinion in this case and, accordingly, do not rehearse either the offense conduct or the procedural history.  Suffice it to say that the appellant now argues, in substance, that his case should be remanded for resentencing because the district court sentenced him under the mandatory guidelines system then in effect.  We agree

-2-

that such an error occurred. The appellant, however, did not preserve this claim of error below; thus, his asseverational array is reviewed solely for plain error. See United States v. Guzmán, ___ F.3d ___, ___ (1st Cir. 2005) [No. 04-1888, slip op. at 9]; United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). Under that rubric, the appellant must show, among other things, some "reasonable probability" that the district court would have imposed a more lenient sentence had it realized that the sentencing guidelines could be treated as advisory. See Antonakopoulos, 399 F.3d at 75.

In this type of case, we are not "overly demanding as to proof of probability." United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005). Still, an appellant must offer something that has persuasive force. See id. (requiring, at a bare minimum, a "reasonable indication that the district judge might well have reached a different result under advisory guidelines").

In an effort to satisfy this requirement, the appellant argues that the sentencing court gave insufficient weight to his personal history, characteristics, and circumstances, see 18 U.S.C. § 3553(a)(1) (emphasizing, as sentencing factors, "the history and characteristics of the defendant"), and would lean more heavily on those factors the second time around. The main difficulty with this argument is that, at the original sentencing hearing, the appellant's counsel fully explicated these matters and vigorously

-3-

attempted to exploit them. The attorney noted, among other things, that the appellant was on medication and receiving psychiatric treatment; that he had attempted suicide on four separate occasions; that he was suffering from a depressive disorder; that his wife had divorced him; and that he had lost custody of his children.

The district court mulled this plea, see Vazquez-Molina, 389 F.3d at 59-60 (rejecting claim that sentencing court did not duly consider section 3553(a)(1) factors), but was obviously unimpressed. It said nothing to indicate that it thought those considerations deserved substantial weight. To the contrary, the court, faced with a guideline sentencing range (GSR) of 121-151 months, chose to sentence the appellant at the midpoint of the range (136 months). The court did not make this choice casually; it reasoned that "[s]ince the defendant is [a] second offender, a sentence in the middle of the guideline range will serve the objectives of punishment and deterren[ce]."

The fact that the district court, mindful of essentially the same arguments that the appellant presses here, imposed a sentence in the middle of the applicable GSR, rather than at its nadir, is revealing. If, indeed, the court believed that the appellant's personal history, offender characteristics, and circumstances bore significantly on the level of punishment, it was free, pre-Booker, to sentence at the bottom of the GSR. See, e.g.,

United States v. Tardiff, 969 F.2d 1283, 1290 (1st Cir. 1992). The court's eschewal of that option is a strong indication that, although it found the appellant's personal history, characteristics, and circumstances to be worth mentioning, it did not regard them as justifying a lower sentence. See United States v. McLean, 409 F.3d 492, 505 (1st Cir. 2005); United States v. González-Mercado, 402 F.3d 294, 303-04 (1st Cir. 2005).

The court's uncompelled selection of a higher sentence, coupled with the fact that it did not in any way, shape, or form hint that it was dissatisfied either with the extent of the sentence selected or with the sentencing options available to it, combine to defeat the appellant's claim. On this record, the appellant has not shown a reasonable probability that the district court, had it realized that the guidelines were advisory, would have imposed a more lenient sentence.

The appellant advances three additional arguments: (i) that the district court's resort to certain upward adjustments in calculating the GSR violated his Sixth Amendment rights; (ii) that the court committed structural error by utilizing a mandatory guidelines system; and (iii) that the court's boosting of his offense level based on facts not charged in the indictment resulted in a Fifth Amendment violation. We find none of these arguments persuasive.

In calculating the appellant's GSR, the sentencing court applied two-level increases for his role in the offense, USSG §3B1.1(c), and for his possession of a firearm during a drug-trafficking crime, id. §2D1.1(b)(1). See Vazquez-Molina, 389 F.3d at 56. The appellant attempts to challenge these upward adjustments on Sixth Amendment grounds. That challenge is doomed to failure: "[n]othing in Booker requires submission of facts to a jury so long as the Guidelines are not mandatory." Antonakopoulos, 399 F.3d at 80. In other words, "the Sixth Amendment is not violated simply because a judge finds sentencing facts under the guidelines; rather, the error is only that the judge did so pursuant to a mandatory guidelines system." United States v. Martins, 413 F.3d 139, 152 (1st Cir. 2005).

The appellant's claim of structural error is hopeless. Structural errors are those that "undermine the fairness of criminal proceedings as a whole" and, thus, must "be corrected regardless of an individualized showing of prejudice to the defendant." Antonakopoulos, 399 F.3d at 80 n.11. A Booker error is not a structural error. See United States v. Villafane-Jimenez, 410 F.3d 74, 86 n.15 (1st Cir. 2005) (per curiam); Antonakopoulos, 399 F.3d at 80 n.11.

Finally, we turn to the appellant's Fifth Amendment argument. The merits of that argument are dubious, but we decline to address them for two reasons. First, the Supreme Court limited

-6-

the scope of its remand order to the appellant's <u>Booker</u> challenge. <u>See</u> <u>Vazquez-Molina</u>, 125 S. Ct. at 1713. In the absence of extraordinary circumstances — and none are present here — we are bound to adhere to the dimensions of that order. <u>See</u> <u>Kotler</u> v. <u>Am. Tobacco Co.</u>, 981 F.2d 7, 13 (1st Cir. 1992) (deciding that, in the absence of exceptional circumstances, an appellate court is limited in its inquiry to matters within the scope of a remand from the Supreme Court); <u>see</u> <u>also</u> <u>United States</u> v. <u>Estevez</u>, ___ F.3d ___, ___ (1st Cir. 2005) [No. 03-1496, slip op. at 8-9] (applying the rule in <u>Kotler</u> to a <u>Booker</u> remand). Second, the appellant presented this argument only in skeletal form. Since he failed to develop the argument in his brief, he is deemed to have abandoned it. <u>See</u> <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990).

We need go no further. Because the appellant has failed to show that there is any likelihood that the district court, were it operating under an advisory guidelines system, would have imposed a milder sentence, we again affirm the sentence and direct that our earlier judgment be reinstated.

**<u>So Ordered</u>**.