**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 05-1003
No. 05-1004

UNITED STATES OF AMERICA,

Appellee,

v.

FERNANDO LLERA-PLAZA,

Defendant, Appellant.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Daniel R. Dominguez, U.S. District Judge]

---

Before

Torruella, Selya, and Lipez, Circuit Judges.

---

Alexander Zeno on brief for the defendant, appellant.
Jacqueline D. Novas, Assistant United States Attorney, Nelson
Perez-Sosa, Assistant United States Attorney, Senior Appellate
Attorney in Charge, and H.S. Garcia, United States Attorney, on
brief for the appellee.

---

January 5, 2006

---

**Per Curiam**. Defendant, Fernando Llera-Plaza, pled guilty to two counts (in two separate cases) of conspiring to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. He was sentenced to 62 months' imprisonment, the middle of the applicable guidelines range, on each count (to be served concurrently). In these appeals from his convictions and sentences, he argues that the district court erred in two respects: (1) in accepting his guilty plea, because he did not adequately understand the nature of the charges or the consequences of his plea, and (2) in using a "mechanical sentencing policy" in sentencing him to the middle of the applicable guidelines range. Because neither of those alleged errors was preserved below, they are reviewable only for plain error. United States v. Delgado-Hernandez, 420 F.3d 16, 19-20 (1st Cir. 2005); United States v. Vazquez-Molina, 389 F.3d 54, 57, 60 (1st Cir. 2004), cert. granted, judgment vacated, and case remanded on other grounds, 125 S. Ct. 1713 (U.S. Mar. 28, 2005). Under that appellant-unfriendly standard, we reject both of those arguments and affirm defendant's convictions and sentences.

DISCUSSION

A.  Validity of Guilty Plea

Defendant argues that his plea was not valid because he did not understand the nature of the charges or the consequences of his plea. Specifically, he claims that he did not understand how he

-2-

could be charged with conspiring to possess with intent to distribute one kilogram of heroin when the substance involved was not actually heroin and he was pleading guilty to a smaller amount than specified in the indictment. He also claims that he did not fully understand the consequences of the plea because he did not know of the sentencing judge's usual practice of declining to sentence repeat offenders to the bottom of the applicable guidelines range, which is what the parties agreed to recommend.

Defendant's entire argument as to his lack of understanding of the nature of the charges stems from a statement by defendant's counsel, at the outset of the change-of-plea hearing, that defendant "is concerned about the statement of facts which . . . states that when they did the transaction . . . they were handling a kilogram of heroin, which was a mistake. As a matter of fact it wasn't a kilogram of heroin, but they believed that it was. And he's pleading in the agreement to a lesser amount than one kilogram." The court addressed that concern by saying, "So that's good for him, because it's less than the amount that he believes. That is a benefit for him under the plea agreement."

In assessing defendant's claim of confusion, that exchange cannot be considered in isolation. Based on our "review [of] the totality of the Rule 11 hearing," United States v. Cheal, 389 F.3d

-3-

35, 43 (1st Cir. 2004), we are satisfied that defendant ultimately understood the nature of the charges.[1]

Defendant's claim that he did not understand the consequences of the plea is even weaker. Both in the plea agreement and at the change-of-plea hearing, defendant repeatedly acknowledged that the court was not bound by the parties' joint recommendation that defendant be sentenced at the bottom of the guidelines range and that, if the court imposed a higher sentence, such would not be a ground for withdrawing his guilty plea. Moreover, the record indicates that defendant's counsel was aware of the court's usual practice of declining to sentence repeat offenders at the bottom of the guidelines range. Therefore, the fact that the district court followed its usual practice and declined to adopt the parties' recommendation to sentence defendant to 57 months' imprisonment, the bottom of the applicable guidelines range, and chose to sentence him to 62 months' imprisonment instead does not warrant vacating his plea. United States v. Mercedes Mercedes, 428 F.3d 355, 359 (1st Cir. 2005).

In any event, given the weight of the evidence against him and the substantial benefits defendant received from the plea agreement, it is highly unlikely that, even if the court had given

---

[1]Defendant's claim of confusion as to the nature of the charges is further undercut by his admittedly "good education," United States v. Pagan-Ortega, 372 F.3d 22, 29 (1st Cir. 2004); he graduated from high school, attended one year of college, and received an associates degree in banking procedures.

a fuller explanation of the nature of the charges and the consequences of the plea, defendant would have opted to go to trial rather than plead guilty. Accordingly, any error in the plea colloquy does not warrant relief under plain-error standards. United States v. Medina-Roman, 376 F.3d 1, 7-8 (1st Cir.), cert. denied, 125 S. Ct. 512 (2004).

B. "Mechanistic" Sentencing

Defendant's remaining claim of error is that the judge used a "mechanical sentencing policy" in declining to sentence him to the bottom of the applicable guidelines range because he was a repeat offender. Assuming, without deciding, that we have jurisdiction to review that claim,[2] see Vazquez-Molina, 389 F.3d at 58; see also id. at 60, any such error does not warrant relief under plain-error standards.

First, as this court has previously held, the sentencing court's reliance on a defendant's prior conviction as a basis for choosing a sentence within the applicable guidelines range is "entirely permissible." Vazquez-Molina, 389 F.3d at 61. Second, from the judge's comments at sentencing, it appears that the judge's "policy" is not as absolute or mechanistic as defendant claims. In any event, in this case, the judge expressly considered

---

[2]After United States v. Booker, 125 S. Ct. 738 (2005), a sentence within the guidelines range is reviewable for reasonableness, id. at 765. Here, however, defendant does not argue that his sentence is unreasonable.

-5-

both defendant's individual circumstances and the purposes of sentencing in deciding what sentence to impose.

The district court's judgment and sentence in Case No. 04-019 and its judgment and sentence in Case No. 04-020 are summarily affirmed. <u>See</u> 1st Cir. R. 27(c).