TORRUELLA, Circuit Judge
(Dissenting).
I am concerned that we are, like a glacier in the ice age, inch by slow inch, regressing to the same sentencing posture we assumed before the Supreme Court decided Booker. This is exactly what I foresaw when I entered my concurrence in Jiménez-Beltre. I for one, did not tentatively sign on to Jiménez-Beltre to engage in such incremental regressions, nor more importantly, do I believe that this is what the Supreme Court had in mind when it struck down the mandatory Guidelines regime. I think we should mean what we say: 1) the sentencing guidelines are not a presumption; and 2) district judges should be required to specify, not generalize, their reasoning on sentencing, so that we are not required to speculate or second-guess what they mean.
In this case the district judge declared that “it will generally heel to the guidelines [when] imposing criminal punishment.” Although in Jiménez-Beltre, decided after the sentence was imposed upon remand in this case, we held that although the Guidelines should be considered as more than “just another factor” in the sentencing calculus, we specifically rejected any analytical framework that would afford to them presumptively reasonable weight. On a scale between “just another factor” and “presumptively reasonable,” the language the district court used to explain its understanding of the Guidelines in sentencing Navedo cleaves far more closely to the forbidden inference. Language is the tool of our trade, and in this case it is not just a matter of requiring a magic incantation. The language used by the district court is at variance with Booker and Jiménez-Beltre and should be corrected.
The majority does not order another remand because it does not find “any serious possibility that a new sentencing, enlightened by Jiménez-Beltre, would produce a better result for Navedo.” I respectfully disagree. Upon remand the district judge imposed the same sentence despite the fact that Booker was decided *61 in the interim. In concluding that any error was harmless, the majority finds persuasive the fact that the district judge imposed the same sentence under the mandatory and advisory regimes. However, if we view the district court’s language upon re-sentencing to be illustrative of its interpretation of Booker, we must remember our own observation in Jiménez-Beltre, that “[ajlthough making the guidelines ‘presumptive’ or ‘per se reasonable’ does not make [the Guidelines] mandatory, it tends in that direction.” 440 F.3d at 518. In other words, because the district court’s stated intention to “generally heel to the Guidelines” suggests that it considered them to be presumptively reasonable, we should draw no conclusion from the fact that it imposed the same sentence before and after Booker. I think it quite possible that, with the benefit of Jiménez-Beltre, the district court upon remand could impose a more favorable sentence.
I am also concerned that the district court failed adequately to explain its reasons for sentencing Navedo at the top of the Guidelines range. In Jiménez-Beltre, we held that “a court’s reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did.” Id. at 519. I continue to believe, as I indicated in my concurring opinion in that case, that “the district court’s obligation to explain is not excused by our discretion to discern its reasoning from the record on appeal.” Id. at 521 (Torruella, J., concurring). This is so because, post -Booker, 18 U.S.C. § 3553(c) remains in force, requiring that the trial court, “at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence” (emphasis added), including the reasons for sentencing at any particular point within a Guidelines range that spans 24 months or more. Although the majority in this case is satisfied that despite the lack of clear explanation, “it is not difficult to see here what led the district court to impose the maximum guideline sentence on Navedo,” I am very concerned that we are quickly moving toward a de facto elimination of the explanation requirement. We have previously held that the adequacy of the sentencing court’s explanation under § 3553(c) is dependent upon “whether it sufficiently shows a thoughtful exercise of the court’s sentencing responsibility and a degree of care and individualized attention appropriate to the solemnity of the sentencing task.” United States v. Vázquez-Molina, 389 F.3d 54, 59 (1st Cir.2004), rev’d on other grounds, Vázquez-Molina v. United States, 544 U.S. 946, 125 S.Ct. 1713, 161 L,Ed.2d 520 (2005). The generalized explanation offered by the district court in its sentencing of Navedo seems to me to fall short of the Vázquez-Molina standard. I am in agreement with the majority’s prescription that “in the future the main factors ought to be identified by the district court itself, eliminating the need for guesswork.” However, I would go further than my esteemed colleagues to ensure that such a result obtains at the district court level, by remanding this case once again to the district court for a more individualized and transparent articulation of its reasoning.
Of course, the role of the guidelines in the post -Booker era will develop over time, and it is no doubt difficult to apply the standards we have established to the wide range of circumstances and judicial language that we regularly confront in sentencing appeals. I think it important, however, especially in the immediate aftermath of Jiménez-Beltre, to provide clear guidance to district courts. I am concerned that the majority’s opinion in this case serves instead to muddy the waters.