**Not For Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2191

UNITED STATES OF AMERICA,

Appellee,

v.

JACOBO VÁZQUEZ-MIESES,

Defendant, Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fusté, U.S. District Judge]

Before

Torruella, Selya, and Howard, Circuit Judges.

Daniel Klubock, Feinberg and Kamholtz, on brief for defendant, appellant.
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

September 27, 2006

**Per Curiam**. Jacobo Vázquez-Mieses ("Vázquez"), an alien who was previously deported following a drug trafficking conviction, pled guilty to reentering the United States without the requisite permission and was sentenced to 46 months' imprisonment (the bottom of the applicable guideline range)[1] and three years' supervised release. On appeal, Vázquez does not dispute the accuracy of the guideline calculations or argue that his sentence is substantively unreasonable under United States v. Booker, 543 U.S. 220, 261 (2005). Rather, his arguments are more procedural in nature. For the reasons discussed below, we find those arguments unpersuasive.

His first contention--that the district court violated 18 U.S.C. § 3553(c) by failing to state the reasons for the sentence in open court--is easily dispatched. Where, as here, the sentence imposed is within the guideline range, the correctness of that range is undisputed, and the breadth of the range is less than 24 months, section 3553(c) does not require "[a] district court . . . to cite any reason for sentencing a defendant within [that

_____

[1]That range, which was not disputed in the district court and is not challenged on appeal, was computed as follows: a total offense level of 21 (base offense level of 8, U.S.S.G. § 2L1.2(a) (Nov. 2004 ed.), plus 16 levels because the sentence for one of his prior felony drug trafficking convictions exceeded 13 months, id. § 2L1.2(b)(1)(A), minus 3 levels for acceptance of responsibility, id. § 3A1.1(a)) combined with a criminal history category of III (6 criminal history points for two prior sentences of imprisonment exceeding one year and one month, id. § 4A1.1(a)) yielded a range of 46 to 57 months' imprisonment, id. ch. 5, pt. A (Sentencing Table).

range]."  United States v. Mansur-Ramos, 348 F.3d 29, 31 (1st Cir. 2003); see also United States v. O'Connell, 252 F.3d 524, 529 (1st Cir. 2001).

Although reasonableness review, post-Booker, does make it "important for [the reviewing court] to have the district court's reasons for its sentence" even if the sentence is within a narrow guideline range, United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc), "a court's reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did," id.  Here, the reasons for the sentence are readily apparent from the sentencing transcript as supplemented by the presentence report.

At sentencing, the court responded to the mitigating circumstances proffered by the defendant--that he was addicted to drugs when he committed his prior offenses but had been drug-free in recent years and that the instant offense was motivated by a desire to improve his financial situation--by reminding him of his extensive criminal record.  The court again referred to that record, "without giving the specific details,"[2] before announcing his sentence.  Despite that record, the court adopted both parties' recommendations to sentence Vázquez to the bottom of the guideline

_____

[2]As detailed in the presentence report, that record included repeated drug trafficking offenses, some of which were only slightly too old to be counted in calculating his criminal history score.  The only gaps in that history occurred when he was incarcerated or deported following two previous illegal entries.

-3-

range. In exercising such leniency, the court was presumably influenced by defense counsel's argument that a sentence at the lower end of the guideline range "would provide adequate punishment for the offense committed," Vázquez's own explanation of the circumstances of his instant and prior offenses, and the government's statement that Vázquez had been "very, very cooperative" in quickly accepting responsibility and expressing remorse for his offense. No further explanation was required.

Although Vázquez now proffers an additional ground for leniency--that the reduced sentence he would have received had he been sentenced in a "fast-track" district[3] would have been "sufficient" to serve the purposes of sentencing under 18 U.S.C. § 3553(a)--the district court was not required to address that or any other potential ground for leniency that was not brought to its attention. United States v. Alli, 444 F.3d 34, 41 (1st Cir. 2006). Moreover, it is questionable whether such an argument would constitute a valid reason for leniency in any event, United States v. Martínez-Flores, 428 F.3d 22, 30 n.3 (1st Cir. 2005), cert. denied, 126 S. Ct. 1449 (2006), particularly without a factual basis, Jiménez-Beltre, 440 F.3d at 519.

---

[3]In some districts, where authorized by the Attorney General, Congress has authorized downward departures for illegal reentry defendants who waive certain procedural rights. Jiménez-Beltre, 440 F.3d at 519 n.3. Puerto Rico is not among those districts.

-4-

Vázquez's final grounds for resentencing are premised on two erroneous statements made by the district court at his change of plea hearing--that probation is not available in this type of case, and that the maximum term of supervised release for this offense is two years.[4] Because neither of those grounds was raised below, our review is only for plain error. United States v. Vazquez-Molina, 389 F.3d 54, 57-58 (1st Cir. 2004), vacated on other grounds, 544 U.S. 946 (2005). Under that appellant-unfriendly standard, "an appellant must demonstrate: '(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)).

Even assuming that these misstatements satisfy the first two prongs of the plain error standard, Vázquez cannot show the prejudice necessary to satisfy the remaining two prongs. He does not claim that he would not have pled guilty had those misstatements not been made at that stage. By the time of sentencing, those mistakes had been corrected in the presentence

---

[4]In fact, although probation is not recommended by the guidelines, U.S.S.G. ch. 5, pt. A; § 5B1.1, probation is allowed by statute for this Class C felony offense, 18 U.S.C. §§ 3559(a)(3), 3561; and the maximum term of supervised release recommended by the guidelines is three years, id. § 5D1.2(a)(2).

report, which Vázquez had reviewed without objection and which the court relied upon in sentencing.  Given the court's expressed concern about the seriousness of Vázquez's criminal record and the guidelines' suggestion of a sentence of up to almost six years, any suggestion that the court could have been persuaded to impose a probationary sentence, instead of the 46-month prison sentence actually imposed, is fanciful.  The fact that the court ultimately imposed a three-year, rather than a two-year, term of supervised release is also inconsequential, given that Vázquez will likely be deported long before the additional year begins.

Accordingly, the sentence is <u>affirmed</u>.  <u>See</u> 1st Cir. R. 27(c).