# United States Court of Appeals
## For the First Circuit

No. 15-1293

UNITED STATES OF AMERICA,

Appellee,

v.

TOMÁS SEPÚLVEDA-HERNÁNDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Kayatta, Circuit Judges.

Michael C. Bourbeau and Bourbeau & Bonilla, LLP on brief for appellant.

Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, on brief for appellee.

March 16, 2016

**SELYA**, **Circuit Judge**.  In this appeal, defendant-appellant Tomás Sepúlveda-Hernández attempts to raise multiple claims of sentencing error.  Concluding, as we do, that his claims are both unpreserved and unpersuasive, we affirm.

## I.  BACKGROUND

The facts and proceedings that culminated in the challenged sentence are chronicled in our previous opinion, see United States v. Sepúlveda-Hernández, 752 F.3d 22, 25-27 (1st Cir. 2014), and we assume the reader's familiarity with that account. We offer only a synopsis here.

A jury convicted the appellant of a medley of crimes stemming from his serial roles as the supplier to, part-owner of, and eventual lessor of a drug-distribution network based in La Trocha Ward, Vega Baja, Puerto Rico.  See id. at 25-26.  On appeal, we trimmed the appellant's convictions (reducing them to convictions for conspiracy and aiding and abetting the distribution of drugs, simpliciter), vacated his sentence, and remanded for resentencing.  See id. at 31, 38.  In the process, we upheld the district court's drug-quantity determination, holding the appellant accountable for 977 kilograms of marijuana.  See id. at 35-36.

At resentencing, the district court, without objection, recalibrated the guideline sentencing range (GSR)[1]: the appellant's base offense level was 28, see USSG §2D1.1; a four-level enhancement for a leadership role was added, see id. §3B1.1(a); a designation of Criminal History Category I was made; and these subsidiary findings cumulatively yielded a GSR of 121 to 151 months. The government argued for a top-of-the-range sentence. The appellant sought a below-the-range sentence. The district court proceeded to sentence the appellant at the apogee of, but within, the GSR, imposing a 151-month term of immurement on each count of conviction, to run concurrently. The court explained: "I think the offense that you engaged in, the actions that you engaged in, the amount of drugs, the persons that you harmed, seriously creates a very serious and complex situation. . . . You were not just a participant, a simple seller." This timely appeal followed.

## II. ANALYSIS

In this venue, the appellant first asseverates that the court below failed adequately to explain its reasons for the

---

[1] In the interim between remand and resentencing, the United States Sentencing Commission amended the sentencing guidelines in a way that benefited the appellant. See USSG §2D1.1 (Nov. 2014); USSG Supp. App. C., amend. 782 (effective Nov. 1, 2014). The district court properly applied the revised guidelines at resentencing (which took place on February 5, 2015). See United States v. Harotunian, 920 F.2d 1040, 1041-42 (1st Cir. 1990) (explaining that unless some ex post facto problem interferes, the sentencing court should employ the guidelines in effect at the time of sentencing).

sentence.  Normally, claims of sentencing error are reviewed for abuse of discretion.  See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).  But this standard of review is altered where, as here, the appellant has failed to preserve a claim below.  See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).  In that event, review is for plain error.  See id.  To prevail under plain error review, an appellant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  Id.

The claim of error sub judice boils down to an assertion that the district court did not adequately state its reasons for imposing a sentence at the peak of the applicable GSR.  Because the appellant did not raise this claim below, our review is for plain error.[2]

---

[2] The government contends that the appellant has waived the "failure to explain" issue by not raising it below.  In support, the government cites the decisions in United States v. McCabe, 270 F.3d 588, 590 (8th Cir. 2001), and United States v. Caicedo, 937 F.2d 1227, 1236 (7th Cir. 1991).  But we have declined to follow the approach taken in those cases.  See United States v. Vazquez-Molina, 389 F.3d 54, 57 (1st Cir. 2004) (holding that appellant forfeited a similar challenge when he let the opportunity to raise the challenge "slip" at sentencing); see also United States v. Eisom, 585 F.3d 552, 556 (1st Cir. 2009).  Thus, we reject the government's waiver contention and, instead, treat the appellant's claim of error as forfeited.

Congress has made it abundantly clear that a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). This statutory directive must be read "in a practical, common-sense way." United States v. Dávila-González, 595 F.3d 42, 48 (1st Cir. 2010). Thus, it is sufficient for the sentencing court simply to identify the main factors driving its determination. See United States v. Vargas-García, 794 F.3d 162, 166 (1st Cir. 2015). Put another way, the sentencing court's explanation need not "be precise to the point of pedantry." United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006).

When a sentence is imposed within the GSR, the "adequate explanation" requirement is less stringent than if the sentencing court had imposed a variant sentence. See United States v. Ruiz-Huertas, 792 F.3d 223, 227 (1st Cir. 2015); United States v. Ocasio-Cancel, 727 F.3d 85, 91 (1st Cir. 2013). And in all events, the sentencing court's rationale sometimes can be deduced by comparing the parties' arguments at sentencing with the court's actions. See United States v. Rivera-Clemente, ___ F.3d ___, ___ (1st Cir. 2016) [No. 13-2275, slip op. at 5].

Here (as noted above), the district court succinctly summarized its reasons for imposing a 151-month sentence. The court relied principally on the seriousness of the offense. See 18 U.S.C. § 3553(a)(2)(A). Though the court made a conservative

drug-quantity estimate, see Sepúlveda-Hernández, 752 F.3d at 35-36, it found that the sale of crack cocaine alongside the sale of marijuana exacerbated the seriousness of the appellant's criminal conduct. The sprawling nature of the enterprise and the large number of participants in the drug ring compounded the gravity of the crimes. See 18 U.S.C. § 3553(a)(2).

What is more, the court acknowledged the presence of some mitigating factors. It counterbalanced those factors, however, by acknowledging — at various points during the disposition hearing — the deleterious impact of the appellant's criminal conduct on the community, the appellant's victimization of others, and the protracted duration (from at least 2002 to 2008) of the illicit activities.

We have said before — and today reaffirm — that "[w]here the record permits a reviewing court to identify both a discrete aspect of an offender's conduct and a connection between that behavior and the aims of sentencing, the sentence is sufficiently explained to pass muster under section 3553(c)." United States v. Fernández-Cabrera, 625 F.3d 48, 54 (1st Cir. 2010). We add that an adequate explanation need not be an elaborate explanation. Here, we find adequate the district court's succinct explanation of why it imposed a top-of-the-range sentence. It follows, a fortiori, that there was no error in this respect, plain or otherwise.

To be sure, Congress also has ordained that if the spread in a particular guideline range exceeds 24 months, the sentencing court must state "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). The spread here is 30 months, so this provision applies. In this instance, however, the court's explanation allows us to infer why the court selected a sentence at the high end of the GSR. See Rivera-Clemente, ___ F.3d at ___ [slip op. at 5]. Manifestly, there was no plain error.

The appellant's next plaint is that the district court ignored the parsimony principle. This plaint generally calls into question the substantive reasonableness of the sentence, which "depends largely on whether the sentence imposed represents a defensible result supported by a plausible rationale." United States v. Denson, 689 F.3d 21, 27 (1st Cir. 2012). Whatever the standard of review,[3] this claim of error lacks force.

The parsimony principle requires a sentencing court to "impose a sentence sufficient, but not greater than necessary to comply with" various enumerated purposes, see 18 U.S.C. § 3553(a),

_____

[3] If this claim of error is viewed as a specie of a claim of substantive unreasonableness, the standard of review is uncertain. See Ruiz-Huertas, 792 F.3d at 228 & n.4 (noting uncertainty about whether a claim that a sentence is substantively unreasonable must be preserved below). Here, however, we need not probe the point more deeply: even under de novo review, the claim of error founders.

- 7 -

including recognition of the seriousness of the offense, respect for the law, just punishment, deterrence, protection of the public, and rehabilitation, see id. § 3553(a)(2). That principle, however, recognizes that sentencing is more an art than a science: there is not a single reasonable sentence for a particular defendant's commission of a particular crime but, rather, a universe of reasonable sentences. See United States v. Clogston, 662 F.3d 588, 592-93 (1st Cir. 2011). Here, the district court's founded explanation of its sentencing rationale defeats the appellant's claim: considering the nature, circumstances, and gravity of the crimes of conviction and the appellant's central role in those crimes, the sentence falls within the wide universe of reasonable sentences. Put another way, "the sentence imposed represents a defensible result supported by a plausible rationale." Denson, 689 F.3d at 27. So viewed, the parsimony principle was not flouted.

Finally, the appellant suggests that his sentence is infirm because the district court engaged in double counting. This suggestion prescinds from the notion that the district court erroneously relied on the appellant's role as a leader of the criminal enterprise to justify the sentence — even though the court already had factored the appellant's leadership role into the sentencing calculus by imposing a four-level enhancement. See USSG §3B1.1.

We need not linger long over this off-handed suggestion. Although double counting may in some iterations raise fairness concerns, see, e.g., United States v. Maisonet-González, 785 F.3d 757, 764 (1st Cir. 2015), the appellant has not made out a cognizable claim of double counting. Rather, the appellant throws this claim into the mix as a seeming afterthought: he tacks it onto the end of his brief in a single perfunctory sentence. Courts are not required to do counsel's work, and we treat this forlorn attempt to advance a double-counting argument as waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (reiterating "the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

We hasten to add that even if this argument was not waived, it would fail. In the criminal sentencing context, "double counting is a phenomenon that is less sinister than the name implies." United States v. Zapata, 1 F.3d 46, 47 (1st Cir. 1993). When formulating its overall sentencing rationale, a sentencing court is not normally foreclosed from considering the same nucleus of operative facts that grounded an enhancement. See United States v. Lilly, 13 F.3d 15, 19-20 (1st Cir. 1994). In the absence of an express or implied prohibition — and we discern none here — a district court may rely on a particular fact for multiple sentencing purposes. See United States v. Reyes-Rivera, 812 F.3d

79, 88 (1st Cir. 2016); <u>United States</u> v. <u>McCarty</u>, 475 F.3d 39, 46 (1st Cir. 2007).

So it is here. Though the sentencing court mentioned the appellant's leadership role at the disposition hearing, it is reasonably clear from the record that, in so doing, the court was considering the facts underlying the appellant's leadership role as those facts shed light upon sentencing factors made relevant by 18 U.S.C. § 3553(a). The overlap between the sentencing enhancement under USSG §3B1.1 and the sentencing factors made relevant by 18 U.S.C. § 3553(a) does not furnish a basis for a claim of impermissible double counting. <u>See</u> <u>Maisonet-Gonzalez</u>, 785 F.3d at 764.

## III. CONCLUSION

We need go no further. For the reasons elucidated above, the appellant's sentence is

**<u>Affirmed.</u>**